# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CONSTANCE A. HACKER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. CIV-07-1253-M |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner of Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her applications for disability insurance benefits and supplemental security income benefits. Pursuant to an order entered by United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). Both parties have briefed their respective positions and thus the matter is at issue. For the reasons stated herein, it is recommended that the decision of the Commissioner be reversed and the matter be remanded for further administrative proceedings.

## I. PROCEDURAL HISTORY

Plaintiff protectively filed her applications for disability insurance and supplemental security income benefits on January 19, 2005, alleging that she became disabled as of

December 15, 1998, due to arthritis and depression. Tr. 49-51, 54, 95. The applications were denied on initial consideration and on reconsideration at the administrative level. Tr. 17, 18, 19-22, 24-26. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on September 12, 2006. Tr. 27, 166-193. Plaintiff appeared in person and with her non-attorney representative, and she offered testimony in support of her applications. Tr. 168, 170-88, 190. A vocational expert also testified at the request of the administrative law judge. Tr. 41-43, 188-93. The administrative law judge issued his decision on March 30, 2007, finding that Plaintiff was not disabled within the meaning of the Social Security Act and that she was thus not entitled to benefits. Tr. 194-96, 197-204.

Plaintiff then requested review of the administrative law judge's decision by the Appeals Council, which by order dated September 4, 2007, denied her request for review. Tr. 3-5. Thus, the decision of the administrative law judge is the final decision of the Commissioner.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to

> determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight. However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted). The Commissioner follows a five-step sequential evaluation process to determine whether a claimant is disabled. Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988). The claimant bears the burden of establishing a prima facie case of disability at steps one through four. Id. at 751 & n. 2. If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience. Id. at 751.

### III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 404.1520 and 20 C.F.R. § 416.920. Tr. 198-99. Before beginning the sequential evaluation of Plaintiff's claim, the administrative law judge noted that Plaintiff's representative had amended the date of onset to January 19, 2005, and advised that Plaintiff wished to withdraw her application for disability insurance benefits, since her date last insured for disability benefits was prior to that date. Tr. 197. Proceeding to the sequential analysis with regard to Plaintiff's remaining claim for supplemental security income benefits, he found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 199. At steps two and

three, the administrative law judge found that Plaintiff suffered from degenerative disk disease of the spine, moderate obesity, blindness in the right eye, moderate depression, and dependent personality disorder, but he also found that they were not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4.  Tr. 199-200.  The administrative law judge also found that Plaintiff suffered from surgical hypothyroidism, history of alcohol abuse, arthritic changes in the hands, and high blood pressure with associated headaches, but that they were not severe impairments.  Tr. 199.  He found that Plaintiff's claim of pain in the feet and left hip, as well as her claim of shortness of breath, were not medically determinable impairments. Tr. 200. The administrative law judge next found that Plaintiff had the residual functional capacity for a range of light work activity involving simple, repetitive tasks.  Tr. 200, 203. Based on this residual functional capacity, the administrative law judge found at step four of the sequential evaluation process that Plaintiff was not able to perform her past relevant work as a cook helper, general laborer, or maintenance worker. Tr. 203.  At step five, using the Medical-Vocational Guidelines as a framework and the testimony of the vocational expert, he further found that considering Plaintiff's age, education, work experience, and residual functional capacity assessment she could perform work as a cafeteria attendant, arcade attendant, and fast food worker, and that these jobs exist in significant numbers in the national economy. Tr. 203-04. Accordingly, the administrative law judge found that Plaintiff was not disabled or entitled to benefits.  Tr. 204.

## IV. DISCUSSION

Plaintiff raises two issues on appeal. First, she claims that the administrative law judge erred in failing to properly evaluate the opinion of consultative examining psychiatrist Dr. Vaidya and agency medical consultant Dr. Smallwood. Plaintiff's Opening Brief, 11-18. Second, she claims that the administrative law judge's residual functional capacity assessment was not supported by substantial evidence. Id. at 18-21.

Plaintiff first claims that the administrative law judge rejected parts of the opinion of consultative examining psychiatrist Dr. Vaidya without reference to the relevant factors, that he substituted his lay opinion for the medical opinion of Dr. Vaidya, and that he failed to mention Dr. Vaidya's opinion that Plaintiff was currently unable to learn new skills and had a GAF score of 40, with a GAF score no higher than 50 over the past year. Plaintiff's Opening Brief, p. 14-15.

Plaintiff also contends that the administrative law judge failed to even mention the opinion of the agency medical consultant, Dr. Smallwood. Plaintiff's Opening Brief, p. 17. While Plaintiff concedes that the administrative law judge's PRT findings basically matched those of Dr. Smallwood, she argues that he did not even mention Dr. Smallwood's mental residual functional capacity assessment. Plaintiff's Opening Brief, p. 17. In fact, Plaintiff contends that the administrative law judge incorrectly stated that Dr. Vaidya provided the only opinion regarding her functional limitations. Id. Plaintiff contends that the failure by the administrative law judge to discuss Dr. Smallwood's mental residual functional capacity assessment was not harmless error. Id. In particular, Plaintiff claims that Dr. Smallwood's

finding of moderate limitations in relating to the general public, would likely have precluded Plaintiff from performing the jobs identified by the vocational expert. Id. at 18.

The Commissioner responds that with regard to Dr. Vaidya, the administrative law judge rejected parts of Dr. Vaidya's report that constituted vocational rather than medical opinion, and contends that his residual functional capacity determination nonetheless accommodated the functional limitations included in Dr. Vaidya's report. Commissioner's Brief, p. 5.  He claims that limiting Plaintiff to simple, repetitive tasks fully accommodated the diagnoses of major depression and dependent personality disorder, the inability to learn new skills, Plaintiff's poor concentration, and her memory problems. Id. at 5-6.  He claims that although Dr. Vaidya listed Plaintiff's physical and mental limitations, and then opined "[f]or these reasons, she will find it hard to work," that is an opinion reserved to the Commissioner. Commissioner's Brief, p. 6. He claims that the low GAF score given in Dr. Vaidya's report does not necessarily relate to the ability to hold a job, and the score standing alone without further narrative explanation does not evidence an impairment seriously interfering with Plaintiff's ability to work. Id. at 7-8.  Accordingly, the Commissioner contends that the administrative law judge's failure to address the GAF rating was not error.

With regard to Dr. Smallwood, the Commissioner claims that Dr. Smallwood apparently believed that his "moderate" rating of Plaintiff's restricted abilities to understand and remember detailed instructions, carry out detailed instructions, and interact appropriately with the general public, was not synonymous with significant limitations. Commissioner's Brief, p. 8. He claims that Dr. Smallwood's narrative comments – that Plaintiff can perform

simple and some complex work under routine supervision, and relate to co-workers and supervisors for work purposes – shows as much. Id. Finally, he claims that the opinion of a state agency medical consultant standing alone does not constitute substantial evidence. Id. at 8-9.

After a thorough review of the record, the undersigned finds that the administrative law judge's treatment of the opinions of Dr. Vaidya and Dr. Smallwood was error requiring reversal and remand for further administrative proceedings. While an administrative law judge is not required to discuss each item of evidence in the record, he may not rely solely on favorable evidence without giving reasons for discounting evidence upon which he chooses not to rely. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (administrative law judge must discuss uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects); Hamlin v. Barnhart, 365 F.3d 1208, 1217 (10th Cir. 2004) (stating that an administrative law judge must discuss uncontroverted evidence he chooses not to rely upon as well as significantly probative evidence he rejects); Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007) (it was error to accept some mental restrictions of the consultative mental health examiner while rejecting other of his findings without explanation); Frantz v. Astrue, 509 F.3d 1299, 1302-03 (10th Cir. 2007) (same, applying Haga to the opinions of non-examining physicians).

Dr. Vaidya had the following impression following his mental status examination of Plaintiff:

> This obese female has not got more than an eighth grade education. She does not have many skills. She used to work as a laborer, dishwasher before. *She does not have the capacity to learn any new skills right now.* She has *poor concentration*. She does have *some memory problems*. Her *thinking is concrete*. She has pain in her right hip and knee, complains of chronic tiredness and weakness. She tends to drop things from her right hand. She gets short of breath with slight walking. She has tightness in her chest from time to time, and she is also *moderately depressed*. For these reasons, she will find it hard to work. *She will need to be in counseling and psychotropic medication in the form of anti-depressant which might help her.* She needs a complete physical examination. Her last physical was several years ago. She will be able to handle benefits with supervision.

Tr. 120 (emphasis added). He also found her current GAF score to be 40, with a GAF of 50 over the past year. Id.

As noted, the administrative law judge included only one non-exertional limitation in his residual functional capacity finding: that Plaintiff should be limited to work activity involving simple tasks. Tr. 203. His discussion of Dr. Vaidya's report was limited to his opinion that Plaintiff would be likely unable to work due to memory and concentration problems:

> Likewise, as for the opinion evidence of the claimant's ability to perform work-related activities, *the undersigned finds that the only limitations provided for the claimant were from Dr. Vaidya, the consultative psychiatrist, who opined that the claimant was likely unable to work secondary to memory and concentration problems.* The undersigned reiterates that the claimant had not been receiving any treatment for depression at the time of the evaluation. The undersigned also notes that the claimant showed good judgment at the time of her appointment when she called to advise that she was running late. As such, the undersigned gives probative weight to Dr. Vaidya's opinions of the claimant's ability to perform work related activities.

Tr. 202-03. The administrative law judge failed to note Dr. Vaidya's report that Plaintiff wanted counseling and medication, but was unable to afford it. Tr. 119. He also failed to

8

mention much less discuss Dr. Vaidya's opinion that Plaintiff did not have the ability to learn new skills, was moderately depressed, and had a GAF score rating of 40. Tr. 120.

Compounding the potential effect of these omissions, the administrative law judge also failed to make any mention of Dr. Smallwood's mental residual functional capacity assessment. Dr. Smallwood rated the following categories of work related activities as moderately limited: the ability to understand and remember detailed instructions; the ability to carry out detailed instructions; and the ability to interact with the general public. Tr. 143-44.

As noted above, the only nonexertional limitation included in the administrative law judge's residual functional capacity determination was that Plaintiff could only perform simple tasks. Tr. 203. This limitation arguably incorporates Dr. Smallwood's first two moderate limitations, but does not take into account that social interaction with the general public was found by Dr. Smallwood to be moderately limited. Furthermore, in posing his hypothetical questions to the vocational expert in this step five case, the administrative law judge eliminated any limitations related to Plaintiff's GAF score, her inability to learn new skills, and her moderately limited ability to interact with the general public. Tr. 190-91. This was error.

The Commissioner argues that the failure to include any limitations related to restrictions noted by Dr. Vaidya and Dr. Smallwood was a harmless error, but the undersigned disagrees. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (harmless error doctrine only applicable where no reasonable administrative law judge conducting a

correct analysis could have resolved the matter any other way).  Two of the three jobs identified by the vocational expert require significant interaction[1] with the public. Plaintiff's Opening Brief, p. 18  (citing Dictionary of Occupational Titles, 311.472-010, 1991 WL 672682; 311.677-010, 1991 WL 672694; 342.667-014, 1991 WL 672848). Moreover, when asked by Plaintiff's representative about GAF scores ranging from 40 to 50, the vocational expert indicated that such represents a serious impairment of social and occupational functions, and that a person with such scores might be able to get a job but could not keep it. Tr. 191-92.[2]  Thus, it cannot be said that no reasonable administrative law judge would have resolved the step five determination any other way if the vocational expert had been asked to consider the limitations and restrictions omitted by the administrative law judge.

Accordingly, it was error to accept some mental restrictions of the consultative examiner and medical agency consultant, while rejecting other of their significantly probative findings without explanation.  Haga v. Astrue, 482 F.3d 1205, 1207-08 (10th Cir. 2007); Frantz v. Astrue, 509 F.3d 1299, 1302-03 (10th Cir. 2007) (same, applying Haga to the opinions of non-examining physicians). As a result of this legal error, the undersigned also finds that the administrative law judge's RFC determination is not supported by substantial

---

[1] Plaintiff argues that all three jobs require significant interaction with the public, but the Dictionary of Occupational Titles actually shows the interaction with people to be not significant for a cafeteria worker.  See  311.677-010, 1991 WL 672694.

[2] While the undersigned agrees with the Commissioner's argument that GAF scores do not necessarily relate to the ability to hold a job, considering all the facts here as well as the fact that this is a step five case, the undersigned finds it was error for the administrative law judge to not at least address the GAF scores and explain why they were not relevant.

evidence. Rejection of this significantly probative evidence without explanation fairly detracts from the administrative law judge's RFC finding, and the failure to include limitations related to them in the administrative law judge's hypothetical questions to the vocational expert results in a step five determination that is not supported by substantial evidence.

Moreover, in a case in which an administrative law judge gave a similar hypothetical to the vocational expert as the administrative law judge did here, the Tenth Circuit Court of Appeals found error. Wiederholt v. Barnhart, No. 03-3251, 121 Fed. Appx. 833 (10th Cir. Feb. 8, 2005).[3] In Wiederholt, the administrative law judge found that claimant had mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. Wiederholt, 121 Fed. Appx. at 839. The hypothetical to the vocational expert included only the limitation of "simple, unskilled" tasks mentally. Id. The Tenth Circuit concluded that the hypothetical question was insufficient because it did not reflect all of the claimant's limitations with accuracy. The Court stated "[t]he relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the [administrative law judge's] additional, more specific findings regarding [claimant's] mental impairments. Because the [administrative law judge] omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence or pace, the resulting

---

[3] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

hypothetical was flawed." Wiederholt, 121 Fed. Appx. at 839.

Similarly here, the administrative law judge found that Plaintiff had mild limitations in activities of daily living, moderate limitations in maintaining social functioning and moderate limitations in maintaining concentration, persistence or pace, Tr. 200, yet his hypothetical to the vocational expert only included the mental limitations of Plaintiff being limited to "simple, repetitive tasks." Tr. 190, 200. Thus, as in Wiederholt, the administrative law judge omitted impairments from his hypothetical that he found to exist.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by August 25, 2008, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 5th day of August, 2008.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE